[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15957
Non-Argument Calendar

_____

D. C. Docket No. 04-00354-CV-P-S

SOUTHTRUST BANK, an Alabama
Banking Corporation,

Plaintiff-Appellee
Cross-Appellant,

versus

COLLINS HOLDING CORPORATION,
f.k.a. Collins Music Co., Inc., et al.,

Defendants-Appellants
Cross-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

**(May 11, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

This case was presented to the district court on cross-motions to enforce a settlement agreement reached at the conclusion of a mediation that took place in Atlanta, Georgia. After conducting an evidentiary hearing, the district court found that the parties entered into a valid settlement that included paragraph 4 of the Memorandum Of Understanding ("MOU").

The question of whether the parties intended to enter into a valid settlement agreement is a question of fact subject to the clearly erroneous standard of review. *See Lee v. Hunt*, 631 F.2d 1171, 1177 (5th Cir. 1980).[1] The question of whether an attorney had the requisite authority to bind his client to a settlement agreement is also a question of fact subject to the clearly erroneous standard of review. *Gymco Constr. Co. v. Architectural Glass and Windows, Inc.*, 884 F.2d 1362, 1364 (11th Cir. 1989).

This court reviews a district court's conclusions of law *de novo.* *Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co.*, 338 F.3d 1276, 1277 (11th Cir. 2003).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

After reviewing the record and reading the parties' briefs, we conclude that the district court correctly found that the parties entered into a valid settlement containing paragraph 4 of the MOU. Moreover, the district court correctly found that defendants' counsel had the authority to bind defendants to the settlement agreement.

SouthTrust Bank has filed a cross-appeal contending that it is entitled to contractual attorneys' fees and collection costs incurred as a result of the defendants' appeal. We do not read the district court's order requiring SouthTrust "to convey all of the bank's rights, title and interest in and to the notes and loan documents evidencing all of defendants' indebtedness to the bank" as precluding SouthTrust from requesting contractual attorneys' fees and collection costs following resolution of this appeal. We agree with the defendants that SouthTrust's requests for attorneys' fees and costs is premature. Accordingly, we affirm the district court's judgment.

**AFFIRMED.**